REPUBLIC STEEL CORP., United States Steel Corp., et al., Plaintiffs,

v.

UNITED STATES, et al., Defendants,

and

Companhia Siderurgica Paulista, et al., Defendants-Intervenors.

Consol. Court No. 82-3-00372.

United States Court of International Trade.

Sept. 23, 1983.

Law Department of U.S. Steel Corp. (D.B. King, J.J. Mangan, C.D. Mallick, L. Ranney and P.J. Koenig, Pittsburgh, Pa., of counsel), for plaintiff U.S. Steel Corp.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Lit. Branch, Washington, D.C. (A. David Lafer and Francis J. Sailer, Attys., Commercial Lit. Branch, Washington, D.C.), for federal defendants.

Wald, Harkrader & Ross, Washington, D.C. (William H. Barringer, Christopher A. Dunn and Arthur J. Lafave, III, Wash-

ington, D.C., of counsel), for defendants-intervenors COSIPA and USIMINAS.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

United States Steel has moved for access to certain business confidential documents in the administrative record filed in this consolidated action, brought under 19 U.S.C. § 1516a(a).[1] The documents are part of the administrative records in determinations made by the International Trade Commission, that there were no reasonable indications of material injury from importations of certain steel products from Brazil, Spain and the Republic of Korea.[2]

■ The federal defendants and defendant-intervenors COSIPA and USIMINAS have opposed the motion. The Court denies the motion for two reasons. United States Steel did not bring an action for judicial review of the determinations regarding the importations from Brazil and Spain and therefore has no standing or justification for seeking access to material in those administrative records.[3] The consolidation of its case with others is a matter of judicial efficiency and did not enlarge its action or the rights flowing from that action.

With respect to the determination on importations from Korea, which U.S. Steel did challenge, the Court has examined the material requested *in camera* and has confirmed the fact that it consists of a wide range of business confidential information of ineradicable impressiveness and competitive importance.

■ Some of the material does not contain any information regarding cold-rolled steel sheet from Korea. This is true of documents 4, 5, 7 and 8 in the category of importers' questionnaires; documents 58, 59, 60, 62 through 76 and 78 through 94 in the category of purchasers' questionnaires and documents 38 through 56 in the category of lost sales questionnaires. As to those documents, U.S. Steel's motion for access is denied as unnecessary.

■ With respect to the remaining documents, which includes the documents listed in footnote 3, the Court accepts U.S. Steel's need for access but denies the motion. The need for access is outweighed by the potential danger which the Court sees in disclosure to in-house counsel and the resulting possibility of inadvertant disclosure. The Court is of the opinion that in this situation the alternative available to U.S. Steel of retaining outside counsel is reasonable and necessary. The Court has explained its rationale in more detail in *United States Steel Corp., et al. v. United States, et al.,* 6 CIT —— (Slip Op. 83–76, July 22, 1983) and incorporates that opinion herein.

For the reasons given above the motion for access by U.S. Steel is DENIED.

1. In deciding this motion, the Court has also considered the earlier briefs of U.S. Steel filed in this action, dated August 6, 1982 and September 24, 1982 and, from Court No. 82–10–01361, the brief of Corporate Counsel, dated August 19, 1982, the transcript of oral argument dated August 19, 1982 as well as U.S. Steel's brief dated March 4, 1983.

2. These determinations were published in *Certain Carbon Steel Products from Belgium, Brazil, France, Italy, Luxembourg, the Netherlands, Romania, the United Kingdom, and West Germany,* Inv. Nos. 701–TA–86 through 144, 701–TA–146, 701–TA–147 (Preliminary), Inv. Nos. 731–TA–53 through 86 (Preliminary), USITC Pub. No. 1221 (1982), *Certain Steel Products from the Republic of Korea,* Inv. Nos. 701–TA–170 through 173 (Preliminary), USITC Pub. No. 1261 (1982), and *Certain Steel Prod-*

*ucts from Spain,* Inv. Nos. 701–TA–155 through 163 (Preliminary), USITC Pub. No. 1255 (1982).

3. The ITC has stated that certain domestic producers' questionnaires from the administrative record in *Certain Steel Products from Spain,* Inv. Nos. 701–TA–155 through 163 (Preliminary) USITC Pub. No. 1255 (1982) were used in the investigation of steel products from Korea. The Court considers those to be also part of the administrative record in the Korean determination and, as to them, U.S. Steel's motion for access is denied, not for reasons of standing, but for the reasons given with respect to disclosure to in-house counsel. Those documents are found in the aforementioned Spanish administrative record in the category of producers' questionnaires and are numbered 15, 16, 18, 19, 20, 21, 23, 24, 26, 28, 29, 30, 31, 33, 34 and 35.

Plaintiff U.S. Steel has asked the Court to certify this question for appeal and in response the Court states that, with respect to U.S. Steel's interests in this action, this decision involves a controlling question of law with respect to which there is a substantial ground for difference of opinion. An immediate appeal from this decision may materially advance the ultimate termination of the litigation being conducted by U.S. Steel.

U.S. Steel has requested a stay of these proceedings pending appeal. The continued progress of the litigation involving other plaintiffs in this consolidated action would be interrupted and no sufficient reason has been given for such an interruption. Accordingly, U.S. Steel's motion for a stay is DENIED.